■ In the Matter of THE BOARD OF EDUCATION OF THE ROOSEVELT UNION FREE SCHOOL DISTRICT, Appellant, v ROOSEVELT TEACHERS ASSOCIATION, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Nassau County, dated March 24, 1977, which denied the application. Judgment reversed, with $50 costs and disbursements, and proceeding remanded to Special Term for further proceedings not inconsistent herewith. Claiming that they come within the provisions of a collective bargaining agreement as "substitute teachers", certain individuals, designated by the board of education (board) as "per diem" substitutes, filed a grievance through their bargaining agent, pursuant to section E of article XXVIII of the agreement. Insofar as it is pertinent, that section provides: "Substitute teachers shall be paid on the basis of 1/200 of the annual salary of the step where the teacher would be placed." If we assume the average salary to be $12,000—1/200th would amount to $60 per day. The "per diems" are paid $28 on a daily basis. Under article I of the agreement, the Roosevelt Teachers Association (association) is recognized as the exclusive negotiating unit of the *public employees* employed by the board of education. Article I of the agreement, as to recognition, states, with certain exclusions not here relevant, that: "This unit is defined so as to include all the professional personnel employed by the District under the *regular teachers'* salary schedule" (emphasis supplied). In resisting arbitration, the board relies in large measure on *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]* (42 NY2d 509). That case was decided after Special Term's decision was rendered. In *Liverpool* it was pointed out that an initial determination must be made as to whether the claim is authorized by the Taylor Law (Civil Service Law, art 14). If it is not authorized, that ends the matter. It appears that there is no proscription at bar with respect to the Taylor Law. Thus, we turn to the agreement itself to ascertain if the parties did agree to arbitrate the clause at issue. The appropriate clause in the agreement reads: "The arbitrator shall have jurisdiction and authority to decide whether the provisions of this Agreement have been complied with. The arbitrator shall not have jurisdiction or authority to add to, subtract

from or alter in any way the provisions of this Agreement." That clause, of course, was written prior to the decision in *Liverpool.* So we turn again to the latter for guidance, and ascertain that in the field of public employment, as the Court of Appeals pointed out, the public policy favoring arbitration under the Taylor Law is of recent origin and has not gained the general patina of acceptance that it has in labor or commercial controversies. The court concluded in *Liverpool* by saying that (p 514): "Indeed, inasmuch as the responsibilites of the elected representatives of the tax-paying public are overarching and fundamentally nondelegable, it must be taken, in the absence of clear, unequivocal agreement to the contrary, that the board of education did *not* intend to refer differences which might arise to the arbitration forum. Such reference is not to be based on implication." (Emphasis in original.) Consequently, as we read *Liverpool,* it is for the courts and not for arbitrators to determine the arbitrability of the salary issue instantly presented. Therefore, we remand to Special Term for a determination of whether the term "substitute teachers" used in article XXVIII of the collective bargaining agreement was intended to include "per diem" teachers. If Special Term decides that the term "substitute teachers", as used in the aforesaid agreement, was not intended to include "per diem" teachers, then the application to stay arbitration should be granted. Conversely, if it was intended to include "per diem" teachers, the application to stay arbitration should be denied. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.